IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>HARRY TYUS, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>FAIRWAY TRAILS LIMITED, L.P., )<br>BENCHMARK MANAGEMENT CORP., )<br>BENCHMARK MICHIGAN PROPERTIES,)<br>INC., and NICOLE MORBACH, )<br>)<br>      Defendants. )<br>_____) | F I L E D<br>JAN 1 8 2007<br>CLERK'S OFFICE<br>U.S. DISTRICT COURT<br>ANN ARBOR, MI<br><br>Case No. 5:06-CV-12087<br><br>HON. JOHN CORBETT O'MEARA<br>MAG. JUDGE VIRGINIA M. MORGAN |

## CONSENT DECREE

### I. INTRODUCTION

On May 8, 2006, the United States filed this action on behalf of Harry Tyus, pursuant to subsection 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o), and on August 5, 2006, Harry Tyus filed a motion to intervene, which was granted by the Court on August 25, 2006. The United States alleges that at all times relevant to this case, Mr. Tyus had congestive heart failure, diabetes and high blood pressure and was substantially limited in the major life activity of walking. Harry Tyus is an individual with a handicap or disability within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(h).

At all times relevant to the allegations contained herein, Defendant Fairway Trails Limited, L.P., was the owner of Fairway Trails Apartments; Defendant Benchmark Management Corporation was the property management company for Fairway Trails Apartments; Defendant

1

Benchmark Michigan Properties, Inc. was the general partner of Fairways Trails Limited, L.P.; and Defendant Nicole Morbach was employed by Benchmark Management Corporation as the property manager at Fairway Trails Apartments ("Defendants").

The Complaint alleges that the Defendants discriminated against Harry Tyus by retaliating against him after he filed a complaint with the Fair Housing Center of Southeastern Michigan. Specifically, the Complaint alleges the following:

On or about April 18, 2005, Mr. Tyus filed a verified complaint of discrimination with the Department of Housing and Urban Development ("HUD") alleging that Defendant Nicole Morbach violated the Fair Housing Act by retaliating in violation of 42 U.S.C. § 3617. On January 31, 2006, the HUD complaint was amended to add Benchmark Management Corporation, Fairway Trails Limited, L.P., and Benchmark Michigan Properties, Inc. as respondents and to include an allegation under 42 U.S.C. § 3604(f)(1).

Pursuant to the requirements of 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD ("Secretary") conducted and completed an investigation of the complaint and engaged in conciliation efforts, which were unsuccessful. Thereafter, the Secretary prepared a final investigative report based upon the information gathered during the investigation, and the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that there was reasonable cause to believe that discriminatory housing practices had occurred. HUD issued its Charge of Discrimination against the Defendants on or about March 21, 2006, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices, in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*

On or about April 7, 2006, Mr. Tyus made a timely election to have the claims resolved in federal court, pursuant to 42 U.S.C. § 3612(a). Subsequently, on or about April 10, 2006, the

Secretary, through the Regional Counsel of HUD for Region V, authorized the Attorney General to file this action on behalf of the Complainant, pursuant to 42 U.S.C. § 3612(o)(1).

On July 6, 2006 and October 3, 2006, Defendants filed their Answers to the United States and Intervening Plaintiff's Complaints denying all liability in this case.

The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o). The parties further agree that to avoid costly and protracted litigation, the claims against the Defendants should be resolved without further proceedings. Therefore, as indicated by the signatures below, the parties agree to the entry of this Consent Decree. This Consent Decree constitutes full resolution of the United States' and Harry Tyus' claims that the Defendants retaliated against Harry Tyus.

It is hereby ORDERED, ADJUDGED, AND DECREED:

## II. GENERAL INJUNCTION

1.      The Defendants, their agents, employees, representatives, successors and assigns, and all other persons in active concert or participation with them are enjoined from coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise of enjoyment of, any right granted by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## III. DAMAGES FOR HARRY TYUS

2.      Within ten (10) days of the entry of this Decree, the Defendants shall pay Harry Tyus fifty thousand dollars ($50,000) in the form of a check made payable to Harry Tyus and Heberle and Finnegan, P.L.L.C. Upon receipt of the check, Harry Tyus shall send to the Defendants an executed Release (Appendix A) of all claims, legal or equitable, that he might

have against the Defendants relating to the claims asserted in this lawsuit, including any claims for attorney's fees.

## IV. NOTIFICATION TO PUBLIC OF NONDISCRIMINATION POLICIES

3. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Defendants shall post and prominently display throughout Fairway Trails Apartments a sign no smaller than 10 inches by 14 inches indicating that all dwellings are available for rental on a nondiscriminatory basis. A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

4. Within ten (10) days of the entry of this Decree and throughout the term of this Decree, the Defendants shall ensure that any advertising for the subject property in newspapers, telephone directories, radio, television, the internet, or other media, and any signs, pamphlets, brochures, or other promotional literature include a fair housing logo, the words "equal housing opportunity provider," and/or the following sentences:

> We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

The words or logo should be prominently placed and easily legible.

## V. TRAINING

5. Within ten (10) days of the entry of this Decree, the Defendants shall provide copies of this Decree and a nondiscrimination policy to all of the Defendants' agents or employees at Fairway Trails Apartments, and shall secure a signed statement, conforming to Appendix B, from each agent or employee acknowledging that s/he has received, read, and understands the Decree and the nondiscrimination policy, and has had her or his questions about the Decree and the nondiscrimination policy answered.

6. Within ninety (90) days of the entry of this Decree, the Defendants shall ensure that all of their agents or employees responsible for managing rental units at Fairway Trails Apartments, LLP undergo fair housing training. The training shall include the prohibition on retaliation and shall inform the attendees of their obligations under the Decree, as well as under applicable federal, state, and local laws. The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, their employees, agents, or counsel, and any expenses associated with this training shall be borne by the Defendants. Those who attend the training shall be required to sign a certification conforming to Appendix C.

7. During the term of this Decree, each new employee or agent of the Defendant Fairway Trails Apartments, LLP, and Benchmark Michigan Properties, Inc., whose duties, in whole or in part, involve the management of rental units at Fairway Trails Apartments shall be given a copy of this Decree and the nondiscrimination policy. Each such new employee or agent shall sign a statement conforming to Appendix B.

8. Within ten (10) days after the training required by paragraph 6, above, the Defendants shall provide to the United States (a) the name(s), address(es), and telephone number(s) of the trainer(s); (b) copies of the training outlines and any materials distributed by the trainers; and (c) the signed certifications confirming attendance.

## VI. RECORD KEEPING AND MONITORING

9. During the term of this Order, Defendants shall preserve all records which are the source of, contain, or relate to any of the information pertinent to their obligations under this Order, including all rental applications and leases for dwellings at Fairway Trails Apartments.

10. During the term of this Order, Defendants shall give counsel for the United States written notice within fifteen (15) days of receipt of any written or oral complaint against any of

the Defendants, or against any of their employees or agents, regarding discrimination on the basis of disability or conduct prohibited by 42 U.S.C. § 3617, and a description of the resolution of any such complaint within fifteen (15) days of resolution. If the complaint is written, Defendants shall provide a copy of it with the notice; if the complaint is oral, they shall include a written summary of it with the notice. The notice shall include the full details of the complaint, including the complainant's name, address and telephone number. Defendants shall also promptly provide the United States with all information it may request concerning any such complaint and its actual or attempted resolution.

## VII.   DURATION OF DECREE AND TERMINATION OF LEGAL ACTION

11. The Court shall retain jurisdiction for three years after the entry of this Decree to enforce the terms of the Decree, at which time the case shall be dismissed with prejudice. Prior to the expiration of the Decree's term, the United States or Harry Tyus may move the Court to extend the duration of the Decree for good cause, including on the basis that the Defendants have failed to comply with any provision of the Decree.

12. The parties shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Decree prior to bringing such matters to the Court for a resolution. However, in the event of a failure by the Defendants to perform in a timely manner any act required by this Decree, or otherwise to act in violation of any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees that may have been occasioned by the Defendants' violation or failure to perform.

## VIII. TIME FOR PERFORMANCE

13. Any time limits for performance imposed by this Consent Decree may be extended by the mutual, written agreement of the United States, Harry Tyus and the Defendants.

## IX. COSTS OF LITIGATION

14. Each party to this Consent Decree shall bear its own costs and attorney's fees associated with this litigation, except for any agreement between Harry Tyus and his attorney.

**IT IS SO ORDERED**:

This __18__ day of __January__ 2007.

_____
JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

The undersigned apply for and consent to the entry of this Decree:

**FOR THE PLAINTIFF UNITED STATES**:

STEPHEN J. MURPHY
United States Attorney


s/Judith E. Levy
JUDITH E. LEVY, Assistant U.S. Attorney
Eastern District of Michigan
211 W. Fort St., Ste. 2001
Phone: (313) 226-9727
Fax: (313) 226-3271
judith.levy@usdoj.gov


**FOR THE PLAINTIFF HARRY TYUS:**


w/consent Mark Finnegan
MARK FINNEGAN
HEBERLE AND FINNEGAN, P.P.L.C.
2580 Craig Road
Ann Arbor, Michigan 48103
hffirm@comcast.net


w/consent Harry Tyus
HARRY TYUS


**FOR THE DEFENDANTS:**


w/consent Steven J. Edelstein
STEVEN J. EDELSTEIN
Williams and Edelstein, PC
7742 Spalding Drive, Suite 478
Norcross, Georgia 30092
Phone: (770) 817-0405
Fax: (770) 840-9492
steve@fairhouse.net

## APPENDIX A

## **RELEASE OF CLAIMS**

In consideration of and contingent upon the payment of the sum of fifty thousand dollars ($50,000), pursuant to the Consent Order entered in <u>United States and Harry Tyus v. Fairway Trails Limited, LP, Benchmark Management Corporation, Benchmark Michigan Properties, Inc, and Nicole Morbach</u>, Civil Action No.5:06-CV-12087 (E.D. Mich.), I, HARRY TYUS, hereby release and forever discharge the Defendants named in this action from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in this action as of the date of the entry of that Consent Order. I fully acknowledge and agree that this release of the Defendants shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

SIGNATURE: _____
           HARRY TYUS

DATE: _____

## APPENDIX B

### Employee Statement

I _____, am an employee of [Name of Defendant] _____ at Fairway Trails Apartments and my duties include [supervisory employee, rental agent, maintenance, etc.] _____. I have received and read a copy of the Consent Decree in United States and Harry Tyus v. Fairway Trails Limited, LP, Benchmark Management Corporation, Benchmark Michigan Properties, Inc. and Nicole Morbach, Civil Action No.5:06-CV-12087 (E.D. Mich.), and have been provided a copy of the Defendants' non-discrimination policy. I have had an opportunity to read and understand the Decree and the nondiscrimination policy, and have had my questions about the Decree and the nondiscrimination policy answered.

DATE: _____

_____
Employee Signature

## APPENDIX C

### CERTIFICATION OF FAIR HOUSING TRAINING

On _____, I attended training on the federal Fair Housing Act, including its prohibition on retaliation for engaging in protected activity under the Act. I have had all of my questions concerning the Fair Housing Act answered to my satisfaction.


Signature: _____

Print Name: _____

Date: _____